ROSE v. HAYS INV. CO. (No. 5924.) *

(Court of Civil Appeals of Texas. Austin. June 12, 1918.)

1. BOUNDARIES ☞40(1) — CONSTRUCTION OF DEED—QUESTION FOR JURY.

In trespass to try title, what boundary was intended by a deed of part of a lot held a jury question.

2. EVIDENCE ☞274(11) — DECLARATIONS OF DECEASED PERSON—BOUNDARIES.

In determining questions of boundaries, it is competent to show that a third person, who was dead at time of trial, and from whom one of the parties obtained title, while in actual possession, made statements that he did not assert a claim to the boundary subsequently asserted by his grantee.

Appeal from District Court, McLennan County; E. J. Clarke, Judge.

Suit by J. K. Rose, as executor of the estate of Mrs. Joana McClellan, deceased, against the Hays Investment Company.

Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Marshall Surratt, of Waco, for appellant. S. E. Stratton and J. N. Gallagher, both of Waco, for appellee.

KEY, C. J.   J. K. Rose, as executor of the estate of Mrs. Joana McClellan, deceased, brought this suit in form of trespass to try title, and sought to recover a certain portion of lot 5, in block 6, of the city of Waco. The Hays Investment Company was made defendant, and in its answer disclaimed as to all of the land sued for, except that portion on the northeast side of lot 5, in block 6, and extending from the back end thereof to within 60 feet of the front, and being 7 feet and 3 inches wide, and lying immediately in the rear of the two-story brick house situated on that lot, and still belonging to the estate of Mrs. McClellan, and one-half interest in the wall or walls between the property of said estate and the property of the defendant, and a certain stairway easement. The defendant also pleaded the five-year statute of limitation. After the conclusion of the introduction of testimony, the trial court instructed the jury to return a verdict for the defendant, which was done, and judgment entered accordingly, and from that judgment this appeal is prosecuted.

We sustain appellant's first assignment, and hold that the court committed reversible error when it directed a verdict for the defendant. However, we do not sustain appellant's contention to the effect that the court should have instructed a verdict for him. It was agreed in open court that appellant, in his capacity as executor, was the common source of title. Appellee produced in evidence a deed from appellant, as such executor, to S. and M. Archenhold, dated October 10, 1900, and duly recorded in McLennan county, where the property is situated. Appellee holds by mesne conveyances from the Archenholds. The deed just referred to described the property conveyed as follows:

"All that certain piece or parcel of land known and designated as 23 feet and 7 inches off the N. E. side of lot 5 and in block 6, according to the original plat of Waco, same fronting 23 feet 7 inches on Austin street, in said city of Waco, and running back 165 feet to alley, and being the premises now occupied by J. Prade, on said Austin street; * * * and this conveyance is intended to include, and does include, also half of the division party wall between the premises herein conveyed and another storehouse west of said premises, and adjoining the same on lot 5, block 6, which is owned by the estate of Joana McClellan, deceased, as well as free right of way to the grantee herein and his assigns over the stairway leading to the second story of said premises, which free right of way shall be enjoyed by the grantee and his assigns as long as said building remains as now constructed, and shall terminate upon the destruction or removal of said building."   .

The other conveyances under which appellee claims contain substantially the same description of the property. Appellee introduced testimony tending to support his plea of five-year limitation, and several assignments in appellant's brief relate to that phase of the case; but, inasmuch as it was agreed that appellant was the common source of title, and as appellee holds under a chain of title emanating from him, it seems to us that, if the deed executed by appellant conveyed the land in controversy, appellee is entitled to judgment, regardless of the question of limitation.

[1] The proof shows that lot 5 has a frontage of 50 feet on Austin avenue, in the city of Waco, and extends back 165 feet to an alley. It was also shown that at the time appellant, as executor, executed the deed to S. and M. Archenhold, two business houses were located upon that lot; that they covered the entire frontage on Austin street, and had a common wall between them, extending back 60 feet. To the extent of that 60 feet, the two buildings referred to were each two stories in height. On Austin street, one of those buildings was known and designated as No. 416, and the other as No. 418. Back of each building was a one-story addition. The one back of No. 416 extended to within about 26 feet of the alley, and the one back of No. 418 to within about 13 feet of the alley. The one back of No. 418 was not as wide as the two-story building to which it was annexed, but lacked 7 feet and 3 inches of extending to the common corner of the two-story buildings known as No. 416 and No. 418, and that strip of land is the subject-matter of this litigation. There was testimony tending to show that the frontage on Austin street covered by the building known as No. 416, extending on the corner up to, but not including any portion of, the common wall, is 7 feet and 10 inches. But, notwithstanding that discrepancy as to distance concerning frontage, if the wall which divided the two-story buildings had continued straight on toward the alley, without any offset, the same distance that the addition in the rear of No. 418 extends, there would be no room for doubt as to how the deed should be applied, and appellant's contention as to its construction should be sustained. But the stipulation in the deed that "this conveyance is intended to include, and does include, also half of the division party wall between the premises herein conveyed and another storehouse west of said premises, and adjoining the same on lot 5, block 6, * * * and being the premises now occupied by J. Prade," together with proof tending to show that at the time appellant executed that deed Prade was appellant's tenant of the premises known as No. 416, and with appellant's permission was in possession of and using the offset of 7 feet and 3 inches, and the fact that the entire building known as No. 418, including both the two-story and one-story part thereof, was being used as a store by a mercantile

firm which was selling agricultural implements, created a latent ambiguity, and rendered it uncertain as to whether it was the intention of the grantor, in making the deed, merely to convey a parcel of land in the shape of a parallelogram, as wide as the frontage on Austin street of the store known as No. 416, and extending back to the alley, or to convey all the land and premises just referred to, and in addition thereto the offset of 7 feet and 3 inches, including half of both the walls on No. 418, comprising 7 feet and 3 inches of the rear wall of the two-story building and half the wall of the one-story addition thereto. In other words, the testimony made the case one of boundary as to the application of the deeds in question to the subject-matter conveyed, and the court should have submitted that issue to the jury under proper instructions upon that subject.

[2] We also sustain the assignments which complain of the action of the court in refusing to permit appellant to introduce in evidence statements made by Mr. Prade while he was in possession, claiming the same under the deed referred to. The proof showed that Mr. Prade was dead, and could not be produced as a witness. We understand the rule to be that, in determining questions of boundary, it is competent to show that a third person, who was dead at the time of the trial, and from whom one of the parties obtained title, while in possession, made statements showing that he did not assert a claim to the boundary line subsequently asserted by his grantee, and conceded that the premises in controversy were not on his side of the true boundary line. Of course, such statements are not admissible, unless the grantor who made them was in actual possession, and discussing or pointing out the disputed boundary line; nor are they admissible when the conveyance can be easily applied to the subject-matter, and no room exists for controversy concerning its true location.

Other assignments in appellant's brief are decided against him; but, for the reasons stated, the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.