### BARLOW v. GREER. (No. 532.)

(Court of Civil Appeals of Texas. Beaumont. April 28, 1920. Rehearing Denied May 19, 1920.)

**1. Appeal and error ⬀1043(7)—Refusal to continue for illness of witness no error, where testimony of witness was taken at his home before end of trial.**

Refusal of continuance because of illness of witness was not error, where before the trial was closed the court, with the jury and counsel, proceeded to the home of the witness, where his testimony was given in full.

**2. Continuance ⬀6—Refusal to continue to permit defendant to have land surveyed in boundary dispute action held not abuse of discretion.**

In action involving a boundary dispute, refusal of continuance to permit defendant to have a survey made of the land was not an abuse of discretion, in absence of showing that such survey could not have been previously made.

**3. Evidence ⬀274(11)—Statements of deceased remote grantor in possession of land, against his interest, admissible in boundary dispute action.**

In action involving boundary dispute, declarations by defendant's remote grantor, since deceased, made at the time he was in possession of the land, that the boundary line was as claimed by plaintiff, held admissible, being statements against his interest.

**4. New trial ⬀102(5)—Properly denied for lack of diligence in procuring newly discovered evidence.**

In boundary dispute action, motion for a new trial on the ground of newly discovered evidence held properly overruled for lack of diligence, where the newly discovered witness resided within 2 miles of the land in controversy for approximately 63 years, was well acquainted with the land and the history of that locality, and where there was no reason why such witness had not been approached prior to the trial, with a view of ascertaining what he knew in regard to the matter.

Appeal from District Court, Shelby County; Chas. L. Brachfield, Judge.

Suit by T. G. Greer against J. B. Barlow. Judgment for plaintiff, and defendant appeals. Affirmed.

D. M. Short & Sons, of Center, for appellant.

Sanders & Sanders, of Center, for appellee.

HIGHTOWER, C. J. Appellee, Greer, sued appellant, Barlow, in the district court of Shelby county for the title and possession of 129 acres of land alleged to be a part of the Z. K. Walker head-right survey; the form of the action being trespass to try title, but appellee also specially pleaded title by limitation under the statutes of 5 and 10 years. Appellant's answer consisted of the usual plea of not guilty, and also interposed title by limitation under the 5 and 10 year statutes. The case was tried with a jury, upon special issues submitted, and the verdict was in favor of appellee for the land claimed by him, and judgment was rendered accordingly.

The real issue between the parties was one of boundary; it being the contention of the appellee that the land sued for by him was a part of the Z. K. Walker survey, as originally made, and the appellant claiming that the land appellee was claiming was a part of the John D. Merchant survey, as originally made, and owned by appellant. At the time these two surveys were originally made, Huana bayou was the boundary line between them at the point in controversy; the Merchant survey lying south of the bayou, and the Walker lying north of the bayou. It was the contention of appellee that the channel of Huana bayou had changed its bed since said surveys were originally made, and that in consequence of the change the 129 acres of land sued for by him was now on the south side of the present channel of the bayou. This contention was denied by appellant, who claimed that the bed of the bayou had not changed, as claimed by appellee, and that the land described and sued for by appellee was a portion of the Merchant survey as originally made, and was owned by appellant. Upon this issue the whole controversy between the parties hinged. Motion for new trial was timely made and overruled, and appellant appealed to this court.

The first assignment of error complains of the action of the trial court in overruling appellant's motion for a continuance, based upon three grounds. The first ground was that of surprise. The suit was originally filed July 17, 1918, and appellee's first amended petition, which appellant claims occasioned the surprise, was filed March 13, 1919, the day on which the case went to trial. It is the contention of appellant in this connection, substantially, that there was a material difference as to the description of the 129 acres of land sued for by appellee. Upon consideration of this matter, we have concluded that appel-

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lant's contention cannot be sustained. We think that the original petition is substantially the same as the amended petition with reference to the description, except that the amended petition more definitely describes the land sued for, by specific metes and bounds, than were contained in the original; but it is manifest that appellant could not have been surprised by reason of the practically immaterial change or difference in description as contained in the two petitions.

[1] It is next contended, under this assignment, that the motion should have been granted because of the absence of a witness for appellant, whose testimony he claimed was material in refuting the contention of appellee that there had been a change in the bed of Huana bayou, as claimed by appellee. Before the trial was closed, however, the court, with the jury and counsel, proceeded to the home of this witness, and his testimony was given in full, and appellant had the benefit thereof, and no showing whatever is made of any injury.

[2] It is next contended that the case should have been continued to permit appellant to have a topographical survey made of the land in controversy. He claimed that the issue of boundary between the parties could not be directly and correctly determined without such survey. It is manifest from the record that appellant was notified from the time the original petition was on file that the question of boundary would be the sole controversy between the parties, and he had from that time at least until some time in the fall of that year in which to have a survey made if he so desired. He claims in this connection that the weather became bad in the fall of the year 1918, and creeks became swollen, and for that reason a survey touching the land in controversy could not be made. There is no showing, however, that such survey, if desired, could not have been made some time in the summer before, and after the suit was filed, or at some time prior to the bad weather in the fall. We think the court did not abuse its discretion in overruling the motion for a continuance as to any of the grounds contained in the motion.

[3] The second assignment of error complains of the action of the trial court in permitting appellee to testify to certain statements and declarations made by one W. J. Lister, who at the time of the trial had been dead for many years, but who, at the time of such statements, was the owner of the land on the Merchant survey now claimed by appel-

lant. These statements by Lister were in the nature of declarations against his own interests, and tended strongly to show that the true boundary between the Merchant and the Walker surveys was as the same is claimed to be by appellee. Lister being a remote vendor in appellant's chain of title to the Merchant, and being the owner of the land at the time of such statements against his interests, and being in possession, the evidence was admissible upon the issue here in dispute, and the court did not err, as contended under this assignment. Snow v. Starr, 75 Tex. 411, 12 S. W. 673; Rose v. Hays Inv. Co., 205 S. W. 140. The assignment is overruled.

Appellant's third, fourth, and fifth assignments of error are grouped, though we seriously doubt that they were properly so, under the rules. These assignments challenge the verdict and judgment: First, on the ground that there was no evidence in support thereof; second, that the evidence was insufficient to support the verdict; and, third, that motion for new trial should have been granted because of newly discovered evidence. We shall not discuss the evidence touching the first two assignments; but, after consideration of same, we hold that there was evidence, and sufficient evidence, to warrant the verdict and judgment.

[4] As to the ground of newly discovered evidence, it will suffice to say that the witness by whom it is alleged such evidence as was desired would be given is shown to have resided within 2 miles of the land in controversy for approximately 63 years, and was well acquainted with the land and the history of that locality, and appellant's main desire in having his evidence was to show that Huana bayou had not changed its bed, as claimed by appellee. There is no reason in the world shown why this old citizen had not been approached by appellant prior to the trial, with a view of ascertaining what he knew about the matter, and it is clear that appellant was lacking in diligence in not ascertaining what the witness knew. The court did not, of course, abuse its discretion in overruling the motion for new trial on the ground of newly discovered evidence.

The whole issue between the parties, as stated before, was one of boundary, and it was purely a question of fact, and the evidence is abundantly sufficient to support the verdict and judgment in appellee's favor on the issue. All assignments are therefore overruled, and the judgment will be affirmed; and it is so ordered.